United States District Court
Southern District of Texas
**ENTERED**
July 23, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **SAMANTHA PIZANA,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B-19-55 |
| | § | |
| **JERRY'S AUTO SALES, et al.,** | § | |
| Defendants. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On February 20, 2019, Plaintiff Samantha Pizana filed suit against Defendants Chrysler Group LLC[1] and Jerry's Auto Sales in the 404th District Court in Cameron County, Texas. Dkt. No. 1-1. Pizana's claims revolve around a 2011 Chrysler 300 that she purchased from Jerry's Auto Sales, which had a defective alternator. Id. According to the complaint, as a result of the defect, the alternator caught fire. Id.

On April 2, 2019, Chrysler timely removed the case to this Court. Dkt. No. 1. Chrysler alleged that diversity jurisdiction exists in this case and that non-diverse defendant Jerry's Auto Sales was improperly joined. Id.

On May 1, 2019, Pizana filed a motion to remand. Dkt. No. 11. On that same date, Jerry's Auto Sales filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. No. 12. Both motions are ripe for the Court's review and have been referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B).

Both motions center on a single issue: whether Pizana has stated a claim which has a reasonable chance of recovery against Jerry's Auto Sales. After reviewing the record and the relevant case law, the Court concludes that Jerry's Auto Sales, as a non-manufacturing seller, is statutorily immune from suit under Texas law. Given this statutory immunity,

---

[1] The properly named defendant is FCA US LLC. Dkt. No. 1. For ease of reference, the Court will refer to this defendant as Chrysler.

1

Pizana has not stated a claim upon which relief can be granted. Accordingly, the motion to dismiss, as to Jerry's Auto Sales, should be granted and the motion to remand should be denied.[2]

## I. Background

On February 14, 2018, Pizana purchased a 2011 Chrysler 300 from Jerry's Auto Sales. Dkt. No. 1-1, p. 2; Dkt. No. 13-1, p. 2.  At the time that the vehicle was sold, there was an active recall notice on the alternator in 2011 Chrysler 300s. Id.  The alternator was not repaired or replaced prior to the sale and Jerry's Auto Sales did not inform Pizana of the pending recall. Id.

In her complaint, Pizana alleges that on September 6, 2018, she "was injured when the alternator in her vehicle caught fire, blowing flames and smoke into her vehicle." Dkt. No. 1-1, pp. 1-2.  As she exited the vehicle, "she rolled out and onto the street, injuring her wrist, neck and back." Id.

### B. Procedural History

On February 20, 2019, Pizana filed suit against Chrysler and Jerry's Auto Sales in the 404th District Court in Cameron County, Texas. Dkt. No. 1-1.  Pizana claimed that the failure of Jerry's Auto Sales to repair the alternator, or warn her about the recall prior to the sale, constituted negligence.  Pizana further made a product liability claim against Chrysler. Id, pp. 2-3.  Pizana sought "monetary relief over one million dollars." Id.  On March 4, 2019, Chrysler was served with the complaint. Dkt. No. 1-3.

On April 2, 2019, Chrysler timely removed the case to this Court on the basis of diversity jurisdiction. Dkt. No. 1.  Pizana is a citizen of Texas and Chrysler is a citizen of Delaware, Michigan, the United Kingdom and the Netherlands. Id, pp. 3-4.  While Jerry's Auto Sales is a citizen of Texas – which would normally defeat diversity jurisdiction – Chrysler asserts that Jerry's Auto Sales is not a properly joined defendant in this case. Id.

---

[2] Nothing in this report and recommendation should be construed to recommend dismissal of any claims made against Chrysler.

Chrysler argues that Pizana has failed to establish a cause of action against Jerry's Auto Sales because, "[a]s a non-manufacturing seller, [Jerry's Auto Sales] is statutorily exempt from liability to Plaintiff under Section 82.003 of the Texas Civil Practice & Remedies Code." Id., p. 4.

### 1. Motion to Remand

On May 1, 2019, Pizana filed a motion to remand, arguing that Jerry's Auto Sales is a properly joined defendant because it had "actual knowledge" of the recall and defect when it sold the vehicle. Dkt. No. 10.

On May 22, 2019, Chrysler filed a response, arguing that Pizana's complaint does not plead any facts that, if proven true, would demonstrate actual knowledge. Dkt. No. 13. Chrysler's response included an affidavit from Gary Hearn, the vice president of Jerry's Auto Sales, which states that the company is not an authorized Chrysler dealership and "does not receive communications such as recall notices from [Chrysler] in the normal course of business." Id., p. 2. Hearn also attested that "as a used auto dealer, Jerry's does not conduct a search for recalls that apply to vehicles that it buys or sells." Id.

On that same day, Jerry's Auto Sales also filed a response, arguing that it did not have actual knowledge of the defect, and that it did not receive the recall notice. Dkt. No. 14. The response also cited Hearn's affidavit. Dkt. No. 14-1.

Pizana did not file a reply brief.

### 2. Motion to Dismiss

Also on May 1, 2019, Jerry's Auto Sales filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. No. 12. In that motion, Jerry's Auto Sales argued that it was immune from suit as a non-manufacturing seller pursuant to TEX. CIV. PRAC. & REM. CODE 82.003(a). Id.

Pizana did not file a response to Jerry's Auto Sales' motion to dismiss.

On June 14, 2019, the Court issued an order for Pizana to show cause, no later than June 24, 2019, as to why the Court should not consider the motion to dismiss to be

3

unopposed. Dkt. No. 15.

Pizana did not file a response to the show cause order.

## II. Applicable Law

### A. Diversity Jurisdiction

United States District Courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The record is clear that Pizana is a citizen of Texas; that Jerry's Auto Sales is also a citizen of Texas; and that Chrysler is a citizen of Delaware, Michigan, the United Kingdom and the Netherlands. There is no question that Pizana seeks more than $75,000. The dispute centers upon whether Pizana has a reasonable chance of recovery against Jerry's Auto Sales and, thus, whether Jerry's Auto Sales was properly joined as a defendant.

### B. Removal

As noted, the Court has "original jurisdiction" in cases premised upon diversity jurisdiction. § 1332(a)(1). Furthermore, where a district court has "original jurisdiction" under federal law, such cases "shall be removable" to federal court. 28 U.S.C. § 1441(a)-(b). The party seeking removal bears the burden of showing that jurisdiction exists and that removal is proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Jurisdiction is determined by examining the claims in the state court petition at the time of removal. Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.

### C. Improper Joinder

Under the improper joinder doctrine, a party may not defeat federal jurisdiction by naming as a defendant an improperly-joined non-diverse entity or individual. Salazar v. Allstate Texas Lloyd's, Inc., 455 F.3d 571, 574 (5th Cir. 2006). There are two ways to establish that a defendant has been improperly joined: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the

4

non-diverse party in state court." Cuevas v. BAC Home Loans Servicing, LP, 648 F.3d 242 (5th Cir. 2011) (quoting Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 572 (5th Cir. 2004)). No fraud in pleading the facts has been alleged in this case, and none is otherwise evident. Accordingly, the first test is inapplicable here.

As to the second test, the question is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Cuevas, 2011 WL 3112324 at *5 (quoting Smallwood, 385 F.3d at 573). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." Smallwood, 385 F.3d at 573. All "contested issues of fact and any ambiguities of state law must be resolved" in favor of the party opposing removal. Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003). Nevertheless, "a 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." Smallwood, 385 F.3d at 573 n. 9 (quoting Badon v. RJR Nabisco, Inc., 236 F.3d 282, 286 n. 4 (5th Cir. 2000)).

"[T]he court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff truly has a reasonable possibility of recovery in state court." Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc., 390 F.3d 400, 405 (5th Cir. 2004). The summary inquiry "is appropriate only to identify the presence of <u>discrete and undisputed facts</u> that would preclude plaintiff's recovery against the in-state defendant." Smallwood, 385 F.3d. at 573-74 (emphasis added); see also Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd., 99 F.3d 746, 751 (5th Cir. 1996) (endorsing the use of a "summary judgment-like procedure" to "pierce the pleadings" in order to make a summary determination).

**D. Motion to Dismiss under § 12(b)(6)**

"A motion to dismiss under Rule 12(b)(6) tests only the formal sufficiency of the statements of the claims for relief. It is not a procedure for resolving contests about the facts or merits of the case . . . . [T]he Court must take the plaintiffs' allegations as true, view them in a light most favorable to plaintiffs, and draw all inferences in favor of the plaintiffs." Askanase v. Fatjo, 828 F. Supp. 465, 469 (S.D. Tex. 1993) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Garrett v. Commonwealth Mortgage Corp. of Am., 938 F.2d 591, 593 (5th Cir. 1991)).

The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Consistent with this requirement, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." City of Clinton v. Pilgrim's Pride Corp., 632 F.3d 148, 152-53 (5th Cir. 2010). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 589. "[R]egardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." McConathy v. Dr.Pepper/Seven Up Corp., 131 F.3d 558, 561 (5th Cir. 1998).

Whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Iqbal v. Ashcroft, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

6

**E. Statutory Immunity**

Under Texas law, "[a] seller that did not manufacture a product is not liable for harm caused to the claimant by that product," unless one of seven enumerated exceptions applies. TEX. CIV. PRAC. & REM. CODE § 82.003(a). Pizana alleges that two exceptions apply in this case: (1) that "the seller actually knew of a defect to the product at the time the seller supplied the product;" and, (2) "the seller made an express factual representation about an aspect of the product" that proved to be incorrect and caused the harm. TEX. CIV. PRAC. & REM. CODE § 82.003(a)(5)-(6).

**III. Analysis**

There are two motions pending before the Court: (1) the motion to remand filed by Pizana; and, (2) the motion to dismiss filed by Jerry's Auto Sales. Dkt. Nos. 11, 12. One issue, however, is dispositive of both motions: whether Pizana has stated a claim to relief against Jerry's Auto Sales. If Pizana has stated a claim, then the motion to dismiss should be denied and the remand motion should be granted based upon a lack of diversity jurisdiction. If, however, Pizana has not stated a claim, then the motion to dismiss should be granted and the remand motion should be denied, because diversity jurisdiction would exist.

Pizana did not file a response to the motion to dismiss. Dkt. No. 15. The Local Rules state that "[f]ailure to respond to a motion will be taken as a representation of no opposition." Local Rule 7.4. The Court, however, may not simply grant a motion to dismiss as unopposed; it must consider the merits of the motion. Webb v. Morella, 457 F. App'x 448, 452 (5th Cir. 2012) (citing John v. State of La. (Bd. of Trustees for State Colleges & Universities), 757 F.2d 698, 709 (5th Cir. 1985)).

The Court's obligation to consider the merits of a motion to dismiss, however, does not mean that there are no consequences for the failure to respond. In determining whether Pizana has a reasonable chance of recovery against Jerry's Auto Sales, the Court is to employ a summary judgment-style analysis. Interenergy Resources, 99 F.3d at 751. Pizana's failure

to respond warrants the Court's acceptance of Jerry's Auto Sales' and Chrysler's "statement of facts as uncontroverted." Flores v. U.S., 719 F. App'x 312, 316 (5th Cir. 2018).

With that background in mind, the Court turns to the question of whether Pizana has a reasonable possibility of recovery against Jerry's Auto Sales.

It is undisputed that Jerry's Auto Sales did not manufacture the 2011 Chrysler 300 that is the subject of this case. Under Texas law, a "seller that did not manufacture a product is not liable for harm caused to the claimant by that product" unless one of seven exceptions is present. TEX. CIV. PRAC. & REM. CODE § 82.003(a). As noted earlier, Pizana has alleged that two of the exceptions are applicable in this case: (1) that Jerry's Auto Sales had actual knowledge of the defective alternator; and (2) that Jerry's Auto Sales made express representations concerning the safety of the vehicle.

As an initial matter, neither of these claims is properly before the Court. The state court complaint pleads no facts showing that Jerry's Auto Sales had actual knowledge of the defect or affirmatively represented to Pizana that the alternator was safe. Dkt. No. 1-1. Rather, Pizana pled that Jerry's Auto Sales was negligent because it made "no effort [. . .] to check for any pending recalls on the vehicle." Dkt. No. 1-1, p. 2. Pizana raised the legal theories about actual knowledge or express representations for the first time in the motion to remand. Dkt. No. 10. When determining if a non-diverse defendant has been improperly joined, "[p]ost-removal filings may not be considered, however, when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." Griggs v. State Farm Lloyds, 181 F.3d 694, 700 (5th Cir. 1999). Thus, Pizana's claims regarding the applicability of the § 82.003(a) exceptions are not properly before the Court. However, even if the Court considers them on their merits, the claims still fail, as set out below.

**A. Actual Knowledge**

In order to maintain a claim against Jerry's Auto Sales, Pizana must plead facts showing that Jerry's Auto Sales "actually knew" about the defect with the alternator when it sold the vehicle to Pizana. § 82.003(a)(6).

It is not enough for Pizana to demonstrate that Jerry's Auto Sales should have been aware of the product defect. See Transcon. Ins. Co. v. Briggs Equip. Tr., 321 S.W.3d 685, 702 (Tex. App. 2010) (holding that testimony that the defendant should have known of the defect "through the prudent application of reasonable and competent care" was insufficient to demonstrate actual knowledge). Moreover, it is not enough to show that the defendant "was aware of a risk that the particular unit sold to [the plaintiff] might be defective" based on previous lawsuits filed against the manufacturer. Howard v. Lowe's Home Centers, LLC, 306 F. Supp. 3d 951, 959 (W.D. Tex. 2018), aff'd. Howard v. Lowe's Home Centers, L.L.C., 765 F. App'x 76 (5th Cir. 2019). Instead, Pizana must plead facts which, at the very least, raise the inference of actual knowledge. See JSC Nizhnedneprovsky Tube Rolling Plant v. United Res., LP, No. 13-15-00151-CV, 2016 WL 8921926, at *8-9 (Tex. App. Dec. 21, 2016) (plaintiff raised inference of actual knowledge through emails between defendant's employees which showed they were aware of the issues with the product).

There are no facts pled in the complaint which raise the inference that Jerry's Auto Sales was aware of the defective alternator. The complaint is based upon the theory that Jerry's Auto Sales failed "to comply with the standard of care that should be exercise[d] by persons representing themselves to be auto sellers," which does not demonstrate actual knowledge. Dkt. No. 1-1, p. 2. Indeed, the argument appears to be that Jerry's Auto Sales was negligent for not seeking out actual knowledge. This argument does not meet the statutory standard. Transcon. Ins. Co., 321 S.W.3d at 702.

Furthermore, if the Court pierces the pleadings, Pizana fares no better. Federal law requires that recall notices be sent to "the owners, purchasers, and dealers of the vehicle." 49 U.S.C. § 30118(c); 49 U.S.C. § 30102(a)(2). A dealer is defined as "a person selling and

9

distributing new motor vehicles." Id. Jerry's Auto Sales is a used auto dealership. Dkt. No. 14-1.

Even if the Court assumes that Jerry's Auto Sales is considered an owner or purchaser for purposes of the recall statute, there is no evidence in the record that Jerry's Auto Sales owned the 2011 Chrysler 300 in question at the time that the recall notices were issued. The Court takes judicial notice that two recalls were issued for the alternator on the 2011 Chrysler 300 automobiles. The notices of the first recall were sent on February 27, 2015 and the notices of the second recall were sent on February 12, 2018. National Highway Traffic Safety Administration Database (https://www.nhtsa.gov/vehicle/2011/CHRYSLER/300/4%252520DR/RWD#recalls). Thus, the second recall began two days before Jerry's Auto Sales sold the vehicle to Pizana; there is no indication in the record that Jerry's Auto Sales received the recall notice, as the owner of the vehicle, prior to selling the vehicle to Pizana. The Court cannot assume that any vehicle recall notice was sent to Jerry's Auto Sales, rather than to the vehicle's previous owner.

Furthermore, Hearn's affidavit states that at the time of the sale, Jerry's Auto Sales "had not been provided with or otherwise made aware of any information or communications from the manufacturer, e.g., service bulletins, warnings, etc., indicating any safety problems related to the alternator" of the 2011 Chrysler 300. Dkt. No. 14-1. Hearn's affidavit is unrebutted evidence that Jerry's Auto Sales was unaware of the recall. Accordingly, there is no basis in the record to conclude that Jerry's Auto Sales had actual knowledge of the recall. The Court now turns to whether Jerry's Auto Sales made express representations about the safety of the vehicle and the alternator.

**B. Express Representations**

In order to maintain a claim against Jerry's Auto Sales on this theory, Pizana must plead facts showing that Jerry's Auto Sales: (1) "made an express factual representation about an aspect of the product;" (2) "the representation was incorrect;" (3) that Pizana "relied on the representation in obtaining or using the product;" and, (4) "if the aspect of the product

had been as represented, [Pizana] would not have been harmed by the product or would not have suffered the same degree of harm." TEX. CIV. PRAC. & REM. CODE § 82.003(a)(5).

It is not enough that the seller represent that a vehicle is a "good vehicle." Gill v. Michelin N. Am., Inc., 3 F. Supp. 3d 579, 585 (W.D. Tex. 2013) (salesman's statement that the vehicle was a "good truck" was not an actionable representation). Moreover, the fact that Jerry's Auto Sales sold the vehicle to Pizana was not an express representation that the vehicle was safe. Garnett v. Remington Arms Co., LLC, No. W-17-CV-00263-RP, 2018 WL 4688813, at *4 (W.D. Tex. June 14, 2018), report and recommendation adopted, No. 6:17-CV-00263-ADA, 2018 WL 5733170 (W.D. Tex. Oct. 15, 2018) ("the sale alone is not enough to show express representation"). Generalized positive statements about a product are not actionable representations. Howard v. Lowe's Home Centers, LLC, 306 F. Supp. 3d 951, 958 (W.D. Tex. 2018), aff'd, 765 F. App'x 76 (5th Cir. 2019) ("Courts interpreting Section 82.003(a)(5) have declined to apply that exception when the seller's representation was simply a general positive statement about the product."). This is because the "statute's text limits its application to representations about 'an aspect of the product' rather than to statements about the product in general." Id.

Instead, statements have been found to be actionable when they are specific representations about the use of a product. See Helm v. Moog Inc., No. 4:11-CV-109-Y, 2011 WL 3176439, at *4 (N.D. Tex. July 27, 2011) (statement that "the pump was safe to use in the shoulder for the purpose of delivering continuous pain medication" constituted an actionable express representation for purposes of § 82.003(a)(5)); JSC Nizhnedneprovsky Tube Rolling Plant v. United Res., LP, No. 13-15-00151-CV, 2016 WL 8921926, at *9 (Tex. App. Dec. 21, 2016) (non-manufacturing seller could be held liable under § 82.003(a)(5) when its salesman made an express representation that the pipe was a certain grade when it was not).

Pizana does not allege that Jerry's Auto Sales "made any specific express factual representations about" the alternator "or that she relied on such representations." Rubin, 2005

11

WL 1214605, at *8.  Furthermore, Hearn's unrebutted affidavit states that neither Hearn nor "any employee of Jerry's made representations to [Pizana] that the Subject Vehicle was free from defects." Dkt. No. 14-1, p. 3.  In short, there is no basis in the record to conclude that Jerry's Auto Sales made any specific representations to Pizana about the safety of the alternator or the vehicle generally.

Because Pizana has not pled any actual knowledge or specific representations on the part of Jerry's Auto Sales, Jerry's Auto Sales is immune from suit as a non-manufacturing seller. TEX. R. CIV. PRAC. & REM. CODE § 82.003.  Accordingly, Jerry's Auto Sales should be dismissed from this suit as an improperly joined party. Michels v. Safeco Ins. Co. of Indiana, 544 F. App'x 535, 539 (5th Cir. 2013) (unpubl.) (improperly joined defendants should be dismissed from the case) abrogated on other grounds in Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 201 (5th Cir. 2016).

After Jerry's Auto Sales has been dismissed, diversity jurisdiction will exist in this case.  Chrysler will remain as the sole defendant.  As has been previously noted, Pizana and Chrysler are citizens of different states and Pizana is seeking damages in excess of one million dollars, which easily clears the $75,000 statutory threshold.

**IV. Recommendation**

It is recommended that the motion to dismiss filed by Jerry's Auto Sales be granted. Dkt. No. 12.  All claims made against Jerry's Auto Sales should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

Furthermore, the motion to remand filed by Samantha Pizana should be denied; diversity jurisdiction exists in this case.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1).  A party filing objections must specifically identify the factual or legal findings to which objections are being made.  The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States

Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting those findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except upon grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on July 23, 2019.

_____
Ronald G. Morgan
United States Magistrate Judge